UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFF BEACH *et. al.*

      Petitioners,

v.                              Case No:  2:15-cv-755-FtM-38CM

CAROLYN W. COLVIN,

      Respondent.

_____/

## ORDER[1]

    This matter comes before the Court on the Petitioners, Jeff Beach, Joseph Danforth, Chrystal Eirhart, Michelle Welch for R.J., Gerald Ward, Elizabeth Zepeda, Brian Christensen, Steven Dexter, Christopher Murphy, Joseph Hudson, and Kushner & Kushner, Attorneys, Motion for a Temporary Restraining Order (TRO) (Doc. #1) filed on April 15, 2016.  The Petitioners move the Court to issue a TRO to prevent the Respondent, Commissioner of Social Security (Commissioner) from allowing Administrative Law Judge Larry Butler (ALJ Butler) from holding hearings on their Social Security Disability (SSD) and/or Supplemental Security Income (SSI) benefits claims.

## BACKGROUND

    The Petitioners are represented by the law firm of Kushner & Kushner.  Kushner & Kushner filed complaints against ALJ Butler whereby ALJ Butler was subjected to

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

disciplinary proceedings brought by the Commissioner.  As a result, ALJ Butler has filed a civil action against the Commissioner. Recently, ALJ Butler issued notices regarding upcoming hearings including those for claims submitted by Kushner & Kushner on behalf of Petitioners.  Petitioners have requested that ALJ Butler recuse himself from their hearings as they involve counsel Kushner & Kushner.  To date ALJ Butler has not responded to the request to recuse.

## **DISCUSSION**

Petitioners aver they will be denied their Constitutional right to due process of a full and fair hearing if ALJ Butler is allowed to preside over the proceedings currently scheduled to take place within fourteen (14) days.  Petitioners move the Court to enjoin ALJ Butler from hearing their claims and to direct the Commissioner of Social Security to assign another ALJ to the upcoming hearings due to ALJ Butler's bias.

Petitioners present no legal precedent that affords this Court the authority to direct the Commissioner to appoint another ALJ to hear a claim prior to the final decision of the Commissioner being issued.  While Petitioners cite to case law from this district in which the Court directed the Commissioner to appoint another ALJ to review the claim on remand, Petitioners' case law misses the mark.  Petitioners' case law involves claims which had been denied by the Commissioner, the administrative appeals process had been exhausted, and a final decision of the Commissioner had been issued prior to the district court hearing the appeal. In this case, Petitioners' claims have not been heard, ALJ Butler has not rendered a decision on the merits, and therefore, there has been no review by the Commissioner.

The district court's jurisdiction is limited by the Social Security Act, and judicial review exists only over the "final decision of the Commissioner of Social Security." *Cash v. Barnhart*, 327 F.3d 1252, 1255 (11th Cir. 2003) (citing 42 U.S.C. § 405(g)). This Court may review final decisions of the Commissioner but may not interfere with the Commissioner's operations of the Social Security Administration. Therefore, this Court may not enjoin ALJ Butler from presiding over Petitioners' hearings.

Secondly, although Petitioners argue they will be denied their due process rights to a fair hearing if ALJ Butler presides, their assertions are based upon mere speculation that ALJ Butler will be biased and rule against them.  The Eleventh Circuit Court of Appeals has made it clear that the mere appearance of bias is not sufficient to violate the Due Process Clause or any other constitutional provision.  *United States v. Rodriguez,* 627 F.3d 1372, 1381 (11th Cir. 2010).  (citing *Hendrix v. Secretary, Florida Department of Corrections,* 527 F.3d 1149 (11th Cir.2008) (holding that "there is no Supreme Court decision clearly establishing that an appearance of bias or partiality, where there is no actual bias, violates the Due Process Clause or any other constitutional provision."). Petitioners' mere speculation of bias is insufficient to establish a constitutional violation.

Based upon the Eleventh Circuit's holding in *Rodriguez*, this Court need not analyze whether or not plaintiff can demonstrate (1) the likelihood of success on the merits of the claim; (2) the irreparable nature of the threatened injury and the reason that notice cannot be given; (3) the potential harm that might be caused to the opposing parties or others if the order is issued; and (4) the public interest at stake, if any. Fed. R. Civ. P. 65. A.G. Edwards & Sons, Inc. v. McCreanor, No. 2:07-CV-570-FTM29DNF, 2007 WL

2696570, at *1 (M.D. Fla. Sept. 11, 2007) (citing M.D. Fla. Local Rules, 4.05(b)(4)). Thus, the Petitioners' Motion for TRO is due to be denied.

Accordingly, it is now

**ORDERED:**

The Petitioners' Jeff Beach, Joseph Danforth, Chrystal Eirhart, Michelle Welch for R.J., Gerald Ward, Elizabeth Zepeda, Brian Christensen, Steven Dexter, Christopher Murphy, Joseph Hudson, and Kushner & Kushner, Attorneys, Motion for a Temporary Restraining Order (TRO) (Doc. #1) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 19th day of April, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies to All Parties of Record